WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre Deshawn Fisher,<br><br>   Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>   Defendants. | No. CV-25-02087-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant City of Phoenix's (the "City") Motion to Dismiss, (Doc. 13), Plaintiff Andrew Deshawn Fisher's Complaint (Doc. 1). The Motion has been fully briefed. For the following reasons, the Court **grants** Defendant's Motion.

**I.    BACKGROUND**

Plaintiff alleges that Phoenix Police Officers Steele and Rabel—"without probable cause, warrant or Plaintiff's consent"—searched his lawfully parked car and stole $600 worth of marijuana. (Doc. 1 at 2.) Plaintiff states the officers' "[b]ody-worn cameras were not activated during the encounter" and "[n]o call for service or report was filed contemporaneously to justify the officers' actions." (*Id.*) Plaintiff contends the Officers are responsible because "[s]urveillance footage shows no other individuals approached the vehicle prior to or during the officer's contact." (*Id.*) Additionally, Plaintiff argues Officer Kosirog "misrepresented the contents of surveillance footage." (*Id.*)

Based on this encounter, Plaintiff sued: the City; the Phoenix Police Department; and Officers Steele, Rabel, and Kosirog in their individual capacities (collectively,

"Defendants"). Plaintiff brings claims against the Defendants under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and Arizona state law. However, the present Motion only seeks dismissal of the claims brought against the City.

## II.   LEGAL STANDARD

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations

of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### III.  DISCUSSION

Plaintiff brings multiple claims against the City. (Doc. 1 at 2.) The Court first evaluates Plaintiff's § 1983 claims. It then turns to Plaintiff's § 1985 claim. Finally, the Court assesses Plaintiff's state law claims.

#### A. Section 1983 Claims

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." A local government is a "person" amenable to suit under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693–94 (1978).

However, § 1983 does not "impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell*, 436 U.S. at 692). "Instead, in *Monell* and subsequent cases, [the Supreme Court] required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id.* Such claims are commonly known as "*Monell* claim[s]." *E.g.*, *Lockett v. County of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020).

To assert a *Monell* claim, a plaintiff must prove: "(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy;

(3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No 40*, 130 F.3d 432, 438 (9th Cir. 1997) (citation modified). Ultimately, "there must be 'a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Plaintiff claims that that the City violated his Fourth Amendment rights under § 1983 by "conduct[ing] a warrantless, unjustified search of [his] vehicle." (Doc. 1 at 2.) Plaintiff also claims that the City violated his Fourteenth Amendment rights under § 1983 by depriving him "of property and liberty without due process of law." (Doc. 1 at 2.)[1]

Even accepting Plaintiff's cursory allegations as true, he has failed to allege a *Monell* claim. Plaintiff fails to point to a City "policy or custom" that bears a "direct causal link" with the alleged constitutional deprivations. *See Villegas*, 541 F.3d at 957. Instead, Plaintiff merely alleges that the constitutional violations were the result of the City's failure "to supervise or discipline" the officers. (Doc. 1 at 2.) Plaintiff also argues that the City failed to enforce its policies regarding "body-worn cameras, reporting procedures, and public accountability." (Doc. 14 at 3.) However, these bare allegations fail to identify a City policy or action that was the "moving force behind the constitutional violation." *Plumeau*, 130 F.3d at 438 (quoting *Oviatt ex rel. Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)).

While "failures to supervise" may give rise to *Monell* liability, Plaintiff fails to allege facts supporting this theory. In short, Plaintiff has not proffered any facts suggesting that the City was "on actual or constructive notice that a particular omission in their training program causes employees to violate citizens' constitutional rights." *D.T. v. County of San Diego*, No. 24-cv-00304-W-VET, 2024 WL 4246085, at *6 (S.D. Cal. Sep. 19, 2024)

---

[1] Plaintiff separately claims that the City "acted knowingly to violated Plaintiff's constitutional rights" under § 1983. This claim fails because Plaintiff fails to identify which underlying constitutional right was violated. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

(citation modified).  Additionally, Plaintiff fails to identify a "pattern of similar constitutional violations by untrained employees" which "is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citation modified).

Similarly, Plaintiff has not sufficiently alleged a "failure to discipline" claim. Under this theory, "allegations that a city repeatedly refused, or failed to take appropriate corrective action against one officer when that officer has numerous incidents of misconduct may form the basis for liability against the city employing that officer." *Hayes v. Riley*, 525 F. Supp. 3d 1118, 1121 (N.D. Cal. 2020) (citation modified). To start, Plaintiff does not identify which officer the City allegedly failed to discipline. Even assuming Plaintiff intended to allege that the City failed to discipline any of the named officers, Plaintiff fails to establish any officer engaged in "numerous incidents of misconduct." *See id.* Neither has Plaintiff demonstrated that the City otherwise ratified any deviations from its policies regarding body cameras or reporting procedures. Plaintiff's bald assertion that the City failed to discipline its officers is insufficient to plead a failure to discipline claim. Accordingly, the Court dismisses the § 1983 claims against the City without prejudice.[2]

### B. Section 1985 Claim

Section 1985(3) "prohibits two or more persons from conspiring to deprive any person or class of persons of the equal protection of the law."[3] *Addisu v. Fred Meyer, Inc.*,

---

[2] Plaintiff also brings a failure to intervene claim. Plaintiff alleges that "Officer Rabel and others failed to prevent unlawful acts committed in their presence." (Doc. 1 at 2.) It is not clear if "and others" includes the City. If the City is included, the Court is dubious that such a claim can be brought against the City. *See Stephenson v. California*, 761 F. Supp. 3d 1242, 1265 (C.D. Cal. 2025) ("Under the failure to intervene" theory, *police officers* have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." (emphasis added) (citation modified)). Nonetheless, to the extent Plaintiff attempts to assert this claim against the City, it is similarly dismissed for failure to state a claim against the City.

[3] The Court assumes Plaintiff does not bring a claim under either § 1985(1) or (2) because neither is remotely implicated. Section 1985(1) "extend[s] exclusively to the benefit of federal officers." *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981). Section 1985(2) "proscribes conspiracies 'to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified.'" *Head v. Wilkie*, 936 F.3d 1007, 1010 (9th Cir. 2019) (quoting § 1985(2)).

198 F.3d 1130, 1141 (9th Cir. 2000). "The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." *Id.*

Plaintiff claims that Defendants violated § 1985(3) by "act[ing] in concert to cover up and obscure misconduct." (Doc. 1 at 2.) This bare allegation is insufficient to plausibly allege that a conspiracy existed to deprive Plaintiff equal protection of the law. "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Additionally, Plaintiff does not allege what role, if any, the City played in the conspiracy. Accordingly, the Court dismisses the § 1985 claim against the City without prejudice.

### C. State Law Claims

The Court now turns to Plaintiff's two state law claims against the City. Plaintiff brings an intentional infliction of emotional distress ("IIED") claim, alleging that he "suffered extreme distress due to the unlawful search, property loss, and misrepresentations."[4] (Doc. 1 at 2). Plaintiff also brings a claim for conversion and civil theft against the City based on its allegedly unlawful removal and retention of Plaintiff's marijuana. (*Id.*) Putting Plaintiff's fatally bare allegations aside, both claims are time-barred under section 12-821.01(A) of the Arizona Revised Statutes.

Section 12-821.01(A) provides: "Persons who have claims against a public entity . . . shall file claims with the person or persons authorized to accept service for the public entity . . . within one hundred eighty days after the cause of action accrues." "If a notice of claim fails to comply with § 12-821.01(A), the person is barred from suing the public entity or employee on the claim." *City of Mesa v. Ryan*, 557 P.3d 316, 317 (Ariz. 2024). Arizona courts demand strict compliance with § 12-821.01(A). *See id.* at 319.

Plaintiff does not dispute that he filed his notice of claim more than 180 days after the alleged search. (Doc. 14 at 2.) Police searched Plaintiff's car on July 7, 2024 and he filed his notice of claim 182 days later on January 5, 2025. (Doc. 1 at 2; Doc. 14 at 2.)

---

[4] Plaintiff does not specify which Defendant he brings the IIED claim against. The Court assumes Plaintiff intends to assert this claim against the City.

1  Accordingly, Plaintiff is time-barred from suing the City on his claim. *See City of Mesa*, 557 P.3d at 317.

Still, Plaintiff proffers two arguments that his claims are not time-barred. (Doc. 14 at 2.) First, Plaintiff argues that his claim accrued after July 7 because "he had no way to identify the officers or confirm a constitutional violation until Internal Affairs verbally acknowledged that officers had entered his car."[5] (*Id.*) Second, Plaintiff argues that equitable tolling applies based on the "City's failure to activate body cameras, combined with its control of surveillance footage and late release of officer identities." (*Id.*) Both arguments are unpersuasive.

Plaintiff's accrual argument is unavailing for two reasons. First, Plaintiff's claims did not begin to accrue once he learned the officers' identities. Section 12-821.01(B) provides that "[f]or the purposes of this section, a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." Under this standard, Plaintiff's IIED and conversion claims began to accrue on July 7 because there are no facts indicating that he was unaware that he was damaged on July 7. Second, Plaintiff's did not need to confirm a constitutional violation for purposes of his notice of claim because § 12-821.01(A) "only applies to state law claims." *Kaufmann v. Pima County*, CV 11-534 TUC DCB, 2012 WL 12873765, at *3 (D. Ariz. Oct. 22, 2012).

Plaintiff's equitable tolling argument is similarly ineffective. "Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir.1999). "Equitable tolling applies only in 'extraordinary circumstances . . . .'" *Little v.* State, 240 P.3d 861, 867 (Ariz. Ct. App. 2010).

The alleged failure to activate body cameras and late release of surveillance footage

---

[5] Plaintiff does not suggest when his claim began to accrue.

- 7 -

1  and officer identities does not amount to "extraordinary circumstances" which "made it
2  impossible to file the claims on time.". *McCloud v. State*, 170 P.3d 691, 697 (Ariz. Ct.
3  App. 2007) (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).
4  It is axiomatic that "it is not necessary that a claimant know all of the evidence ultimately
5  relied on for the cause of action to accrue." *See Baker v. Bd. of Regents*, 991 F.2d 628, 632
6  (10th Cir. 1993). While the foregoing circumstances *might* have made it more difficult for
7  Plaintiff to file on time, mere difficulty is insufficient to constitute an extraordinary
8  circumstance. *See McCloud*, 170 P.3d at 697. Additionally, the Plaintiff's allegations bear
9  little relation to those circumstances where courts commonly invoke equitable tolling such
10 as: "when the defendant has actively misled the plaintiff; when the plaintiff in some
11 extraordinary way was prevented from asserting her rights; or when the plaintiff timely
12 asserted her rights in the wrong forum." *Seitzinger*, 165 F.3d at 240 (citation modified).

13     Accordingly, the Court dismisses Plaintiff's state law claims against the City with
14 prejudice.

## IV.    LEAVE TO AMEND

16     Rule 15(a) requires that leave to amend be "freely give[n] when justice so requires."
17 Leave to amend should not be denied unless "the proposed amendment either lacks merit
18 or would not serve any purpose because to grant it would be futile in saving the plaintiff's
19 suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986).
20 Therefore, "a district court should grant leave to amend even if no request to amend the
21 pleading was made, unless it determines that the pleading could not possibly be cured by
22 the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting
23 *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

24     The Court will give Plaintiff leave to amend his §§ 1983 and 1985 claims against
25 the City because both claims could be cured by amendment. The Court will not give
26 Plaintiff leave to amend his state law claims because those claims are time-barred under
27 § 12-821.01(A).

28     The Court draws Plaintiff's attention to the District of Arizona's Federal Court

Advice Only Clinic, Federal Court Advice Only Clinic - Phoenix | District of Arizona | United States District Court (uscourts.gov).  The Court also notes the E-Pro Se program which assists litigants with creating a Complaint form, Welcome - eProSe (uscourts.gov). Lastly, the Court advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link "Self-Represented Litigants."

## V. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED dismissing** Plaintiff's claims for IIED and conversion and civil theft against the City with prejudice and **dismissing** the §§ 1983 and 1985 claims against the City without prejudice (Doc. 1).

**IT IS FURTHER ORDERED granting** Plaintiff leave to amend the §§ 1983 and 1985 claims against the City.  If Plaintiff so chooses, he must file an Amended Complaint no later than thirty (30) days after the date this Order is issued.

Dated this 15th day of October, 2025.

Honorable Susan M. Brnovich
United States District Judge