WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre Deshawn Fisher, | No. CV-25-02087-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

The Court now considers Defendant City of Phoenix's (the "City") Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") (Doc. 23). The Court also considers the following motions, all related to service of process on Defendants Jordin Steele, Ronnie Rabel, and Ashton Kosirog (the "Officer Defendants"): Plaintiff's Motions for Alternative Service of Process (Docs. 18, 27); the Officer Defendants' Motion to Quash Service of Process (Doc. 22); and Plaintiff's Motion for Extension of Time to Serve the Officer Defendants (Doc. 26). For the reasons that follow, the Court: **grants** the City's Motion to dismiss; **denies** Plaintiff's October 10 and December 1 motions for alternative service of process; **grants** the Officer Defendants' Motion to Quash; and **grants** Plaintiff's Motion for Extension.

## I.   BACKGROUND

The FAC alleges as follows.  On July 7, 2024, Plaintiff Andrew Deshawn Fisher left $600 worth of marijuana in his parked car.  (Doc. 21 at 2 ¶¶ 8, 13.)  Sometime after Plaintiff parked, Phoenix Police Officers Jordin Steele and Ronnie Rabel searched the car

1 "[w]ithout probable cause, warrant, or Plaintiff's consent." (*Id.* ¶ 9.) When Plaintiff returned to his car, the marijuana was missing. (*Id.* ¶ 13.)

The FAC goes on to allege that neither Officer Steele nor Rabel activated their body-worn camera "as required by department policy." (*Id.* ¶ 11.) Additionally, the City "failed to ensure officers' use of body-worn cameras, to document searches, or to supervise or discipline officers engaging in unlawful vehicle intrusions." (*Id.* ¶ 19.) The FAC also notes that Officer Ashton Kosirog falsely told Plaintiff that surveillance footage depicted Plaintiff walking away from his car with another person. (*Id.* ¶ 15.) Plaintiff thus asserts claims under 42 U.S.C. §§ 1983 and 1985 against the City, the Phoenix Police Department, and the Officer Defendants.

The Court previously dismissed the Complaint for failure to state a claim. (Doc. 19). The Court gave Plaintiff leave to amend each claim except for two state law claims which were time-barred under A.R.S. § 12-821.01(A). (*Id.* at 8.) The FAC remains materially unchanged aside from the omission of these two state law claims.

The Court first addresses the City's Motion to Dismiss. It then addresses the motions related to service of process.

**II.     MOTION TO DISMISS**

As noted, Plaintiff did not materially amend his Complaint. As a result, Plaintiff fails to cure any of the defects identified in this Court's previous Order dismissing the Complaint. (Doc. 19.) Thus, the Court's analysis in its prior Order applies with equal force here.

Although leave to amend should be freely given, Fed. R. Civ. P. 15(a)(2), the Court finds that dismissal with prejudice is appropriate here. Dismissal with prejudice is appropriate where a litigant fails to "cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff was given leave to amend and did not make any cognizable attempt to cure the deficiencies identified by the Court in its previous Order.

Thus, the Court dismisses each claim asserted against the City with prejudice. The

Court also dismisses each claim asserted against the Phoenix Police Department with prejudice. The claims asserted against the Phoenix Police Department are factually and legally identical to the claims asserted against the City.

### III. SERVICE MOTIONS

The Court now considers the motions related to service on the Officer Defendants. A brief chronology is prudent:

- June 16, 2025: Plaintiff files suit and is thus required to serve Defendants within ninety days. Fed. R. Civ. P. 4(m).
- September 11, 2025: Plaintiff moves for an extension of time to serve the Officer Defendants. (Doc. 15.)
- September 15, 2025: The Court grants Plaintiff's Motion for Extension and gives Plaintiff until October 31, 2025 to serve the Officer Defendants. (Doc. 17.)
- October 10, 2025: Plaintiff files a Motion for Alternative Service (Doc. 18.)
- October 15, 2025: The Court dismisses the claims asserted against the City with leave to amend. (Doc. 19.)
- October 30, 2025: Plaintiff files Notice of Proof of Service which provides that Plaintiff served the Officer Defendants by mail at "their official duty location with the Phoenix Police Department." (Doc. 20 at 1.)
- November 30, 2025: The Officer Defendants file their Motion to Quash Service (Doc. 22).
- December 1, 2025: Plaintiff files another Motion for Extension (Doc. 26) and Motion for Alternative Service (Doc 27).

The Court now considers the Officer Defendants' Motion to Quash, Plaintiff's Motions for Alternative Service and Motion for Extension.[1]

#### A. Motion to Quash

The Court begins with the Officer Defendant's Motion to Quash. "A Rule 12(b)(5)

---

[1] Plaintiff's October 10 Motion for Alternative Service is materially similar to his December 1 Motion for Alternative Service. The only meaningful difference is that the October 10 includes additional information regarding Plaintiff's attempts to serve the Officer Defendants.

- 3 -

motion is the proper vehicle for challenging the 'insufficiency of service of process.'" *Bovier v. Bridgepoint Educ./Ashford Univ.*, No. 3:17-CV-01052-GPC-JMA, 2017 WL 4922978, at *1 (S.D. Cal. Oct. 30, 2017) (quoting Fed. R. Civ. P. 12(b)(5)). "Objections to the validity of service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements for proper service." *Id.* The Officer Defendants meet this burden.

Plaintiff attempted to serve the Officer Defendants by mailing process to "their official duty location with the Phoenix Police Department." (Doc. 20 at 1.) As the Officer Defendants correctly argue, Plaintiff failed to abide by Federal Rule of Civil Procedure ("Rule") 4(e)(2), which provides that an individual may be served by: "delivering a copy of the summons and of the complaint to the individual personally"; "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." In addition to these methods, Rule 4(e)(1) allows for service to be made in accordance with the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Arizona Rule of Civil Procedure ("Arizona Rule") 4.1(d) mirrors Rule 4(e)(2). Plaintiff's attempted service does not qualify under any of the foregoing methods of service.

"Once service of process is properly challenged, the party on whose behalf service is made must bear the burden of establishing its validity." *Bovier*, 2017 WL 4922978, at *1 (citation modified). Plaintiff does not contest the Motion to Quash. Indeed, it appears that Plaintiff recognizes that his attempted service is improper given that he filed a Motion for Alternative Service *after* he attempted service by mail on the Officer Defendants. The Court now considers that Motion.

**B. Motion for Alternative Service**

Plaintiff, pursuant to Arizona Rule 4.1(k), seeks leave to file service on the Officer Defendants through various means. Arizona Rule 4.1(k)(1) provides: "If a party shows

- 4 -

that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner." "Impractical has been defined by the Arizona courts as extremely difficult or inconvenient." *Stefoglo v. Boylan*, No. CV-25-04420-PHX-DJH, 2026 WL 280906, at *1 (D. Ariz. Feb. 3, 2026) (citation modified).

Plaintiff fails to demonstrate that service of the Officer Defendants in the manner prescribed under Arizona Rules 4.1(c)–(j) is extremely difficult or inconvenient. To start, Arizona Rule 4.1(c) provides:

> An individual, corporation, or association that is subject to service under Rule 4.1(d), (h)(1)–(3), (h)(4)(A), or (i) has a duty to avoid unnecessary expense in serving the summons. To avoid costs, the plaintiff may notify the defendant that an action has been commenced and request that the defendant waive service of a summons."

Plaintiff did not ask the Officer Defendants to waive process and does not argue that doing so would be extremely difficult or inconvenient. Thus, Plaintiff cannot hold that "that the means of service provided in Rule 4.1(c)" is impractical. This alone justifies denying Plaintiff's Motion for Alternative Service because Arizona Rule 4.1(k)(1) plainly requires Plaintiff to show "that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable."

Even still, Plaintiff's remaining arguments are not compelling. In short, Plaintiff contends that he attempted to serve the Officer Defendants by showing up at various Phoenix Police buildings and by hiring a process server who made several unsuccessful attempts to serve the Officer Defendants. (Doc. 27 at 2.) Plaintiff does not outline any attempt made to serve the Officer Defendants at their homes in accordance with Arizona Rule 4.1(d)(2) or Rule 4(e)(1)(2). Furthermore, Plaintiff's own exhibits cast doubt on his assertion that he hired a process servicer who made multiple unsuccessful attempts to make service. (Doc. 18 at 2.) Plaintiff attaches a screenshot of emails between himself and the process servicer; however, those communications do not reveal that the company was unable to serve the Officer Defendants. (*Id.* at 4.) Instead, it appears that that process servicer stopped responding to Plaintiff sometime in June or July of 2025, well before the

- 5 -

initial and extended service deadline. (*Id.*)

Accordingly, the Court denies both Plaintiff October 10 and December 1 Motions for Alternative Service.

### C. Motion for Extension

This leaves Plaintiff's Motion for Extension. The Court recognizes that it "must extend the time for service for an appropriate period" where a claimant "shows good cause for the failure" to serve a defendant. *NEXA Mortg., LLC v. Diaz*, No. 24-CV-00061-BEN-MMP, 2024 WL 2218994, at *1 (S.D. Cal. May 16, 2024) (quoting Fed. R. Civ. P. 4(m)). "The court may even extend time for service retroactively after the Rule 4(m) service period has expired." *Id.* (citation modified). "The Ninth Circuit has found it unnecessary to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m), and has noted only that, under the terms of the rule, the court's discretion is broad." *Id.* (citation modified). However, "[e]ven absent good cause, courts have discretion to extend the time for service under Rule 4(m)." *Id.*

The Court, in its discretion, gives Plaintiff thirty (30) days from the date of this Order to complete service on the Officer Defendants or request waiver of service. The Court finds that giving Plaintiff additional time to render service will serve the interests of justice and otherwise promote resolution of the case on its merits. The Court specifically recognizes Plaintiff's pro se status, his attempts to render service thus far, and the potential confusion caused by his Complaint being dismissed before the October 30, 2025 service deadline.

### IV.   CONCLUSION

Accordingly,

**IT IS ORDERED granting** the City's Motion to Dismiss (Doc. 23).

**IT IS FURTHER ORDERED dismissing** each claim asserted against the City and the Phoenix Police Department with prejudice.

**IT IS FURTHER ORDERED granting** the City's Motion to Quash Service (Doc. 22).

**IT IS FURTHER ORDERED denying** Plaintiff's October 10 Motion for Alternative Service (Doc. 18) and December 1 Motion for Alternative Service (Doc. 27).

**IT IS FURTHER ORDERED granting** Plaintiff Motion for Extension (Doc. 26). Plaintiff shall have thirty (30) days from the date of this Order to complete service on the Officer Defendants.

Dated this 20th day of February, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge